UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT M. MILLER, <br><br> *Plaintiff*, <br><br> v. <br><br> MERIT SYSTEMS PROTECTION BOARD, *et al.*, <br><br> *Defendants*. | Civil Action No. 1:23-cv-00015 (CJN) |

**ORDER**

In the immortal words of Yogi Berra, "it's like déjà vu all over again." A federal court must decide, yet again, whether Plaintiff Robert Miller is entitled to emergency relief in connection with his employment at the Federal Deposit Insurance Corporation ("FDIC"). Just six months ago, in one of Miller's lawsuits against the agency, this Court denied a virtually identical motion for a preliminary injunction and temporary restraining order. *See* Order, *Miller v. Gruenberg*, Civ. A. No. 21-3035 (CJN) (D.D.C. Aug. 24, 2022), ECF No. 47 ("*Miller I*"). In doing so, the Court observed that the injuries alleged by Miller—"the loss of income and benefits, and the prospect of intrusive medical examinations and workplace discipline"—did not constitute irreparable harm. *Id.* The lack of irreparable injury, standing alone, was enough to deny the motion. *See Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006).

Undeterred, Miller now returns with a new lawsuit—and a fresh motion for emergency relief—against the Merit Systems Protection Board ("MSPB"). The end goal is the same as before—order the FDIC to, among other things, restore Miller's salary and employment benefits

1

(at least for an interim period). But this time Miller doesn't ask the Court to issue the order; he instead asks the Court to grant emergency relief directing the MSPB to do so.

The Court denies Miller's motion for the reasons given in *Miller I*. As the Court explained last go-around, "proving irreparable injury is a considerable burden, requiring proof that the movant's injury is *certain, great and actual*—not theoretical—and *imminent*, creating a clear and present need for extraordinary equitable relief to prevent harm." *Power Mobility Coal. v. Leavitt*, 404 F. Supp. 2d 190, 204 (D.D.C. 2005) (quotations omitted); *see Miller I*, Civ. A. No. 21-3035 (CJN) (D.D.C. Aug. 24, 2022). None of the injuries alleged by Miller here—which are substantially the same as the injuries alleged in *Miller I*—is of that character. What's more, the alleged economic loss that Miller has suffered from the lack of interim relief is not irreparable. *See Sampson v. Murray*, 415 U.S. 61, 91–92 (1974); *see also id.* at 92 n.68 ("[A]n insufficiency of savings . . . will not support a finding of irreparable injury, however severely [it] may affect a particular individual."). That is because, as the Court previously explained, "adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation." *Miller I*, Civ. A. No. 21-3035 (CJN) (D.D.C. Aug 24, 2022) (quoting *Chaplaincy*, 454 F.3d at 297–98).[1]

In his reply brief, Miller appears to concede that his motion here is largely duplicative of his motion in *Miller I*. *See* Reply in Support of Mot. for TRO at 7, ECF No. 11. But he argues that this case is different because, unlike that earlier case, this suit also involves mandamus and

---

[1] Miller claims that he "is on the verge of debt default, foreclosure, and bankruptcy." *See* Mot. for TRO at 9, ECF No. 6. But this vague assertion, without more, does not support a finding of irreparable injury. *See Williams v. Walsh*, Civ. A. No. 21-1150 (RC), --- F. Supp. 3d ---, 2022 WL 2802354, at *11 (D.D.C. July 18, 2022). The Court also notes that Miller has been less than forthright in describing his financial condition. In an IFP application for one of his other lawsuits, Miller disclosed substantial assets, including a $250,000 gun and art collection. *See Miller v. Gruenberg*, Civ. A. No. 23-132 (CJN) (D.D.C. Jan. 17, 2023), ECF No. 2.

APA claims.  True—but irrelevant.  Miller still has not shown that he is likely to suffer irreparable injury absent the relief he seeks.[2]

One last point.  For the past decade, Miller has flooded the court system with an endless stream of filings—many of which have been frivolous, duplicative, or both—and there is no sign of that abating anytime soon.[3]  Indeed, Miller filed a new lawsuit against the FDIC just two weeks after he filed this action.  In his reply brief here, Miller also promises to file a motion to disqualify the U.S. Attorney for the District of Columbia from further participation in this case.  And if past is prologue, the Court will soon receive the same motion—really, *motions*—for sanctions that Miller files in nearly all his lawsuits.  In short, Miller's actions have placed a significant strain on judicial resources, and it is high time for a court to stem the flow of frivolous and duplicative filings.

The Court has the power and the "obligation to protect and preserve the sound and orderly administration of justice."  *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985) (quotations omitted).  Although "no petitioner or person shall ever be denied his right to the

---

[2] Miller does not sufficiently address his APA claim in his opening brief.  And the Court is not persuaded that he is entitled to the "extraordinary remedy" of mandamus.  *In re Bluewater Network*, 234 F.3d 1305, 1315 (D.C. Cir. 2000).  Miller therefore has not established a likelihood of success on the merits of these claims.

[3] *See*, *e.g.*, *Miller*, Civ. A. No. 23-132 (CJN) (D.D.C. Jan. 17, 2023); *In re Miller*, No. 22-1232 (D.C. Cir. Sept. 6, 2022); *Miller v. Garland*, Civ. A. No. 22-2579 (CKK) (D.D.C. Aug. 26, 2022); *Miller I*, Civ. A. No. 21-3035 (CJN) (D.D.C. Dec. 3, 2021), appeal docketed, No. 22-5256 (D.C. Cir. Sept. 29, 2022); *Miller v. McWilliams*, Civ. A. No. 20-671, 2021 WL 3192164, at *1 (E.D. Va. July 28, 2021), appeal filed, No. 21-2073 (4th Cir. Sept. 30, 2021); *Miller v. Merit Sys. Prot. Bd.*, 691 F. App'x 131 (4th Cir. 2017) (per curiam), cert. denied, 138 S. Ct. 722 (2018); *Miller v. Gruenberg*, Civ. A. No. 16-856, 2017 WL 1227935, at *1 (E.D. Va. Mar. 31, 2017), aff'd as modified, 699 F. App'x 204 (4th Cir. 2017); *Miller v. FDIC*, No. SF-1221-13-0574-W-2, 2014 WL 5768744 (M.S.P.B. Nov. 6, 2014), aff'd sub nom. *Miller v. Merit Sys. Prot. Bd.*, 626 F. App'x 261 (Fed. Cir. 2015), cert. denied, 577 U.S. 1236 (2016); *Miller v. Olesiuk*, No. C-13-01856 (EDL), 2013 WL 4532146 (N.D. Cal. Aug. 26, 2013), aff'd, 615 F. App'x 887 (9th Cir. 2015), cert. denied, 578 U.S. 1004 (2016).

processes of the court," it is "well settled that a court may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice." *Id.* These remedies include restrictions on filing that enjoin specific litigants from filing a suit without first obtaining leave of the court. *See id.* (enjoining *pro se* litigant "from filing any civil action in this or any other federal court of the United States without first obtaining leave of that court"); *see also In re Green*, 669 F.2d 779, 787 (D.C. Cir. 1981). They also include monetary sanctions under Rule 11. *See Gomez v. Aragon*, 705 F. Supp. 2d 21, 23 n.2 (D.D.C. 2010) (recognizing that Rule 11 sanctions may be imposed on *pro se* litigants). *Pro se* sanctions may be particularly appropriate when, as here, the plaintiff has a "long history of litigation and relitigation of the same issues" and "is certainly not without some practical experience with the law." *In re Watson*, 910 F. Supp. 2d 142, 148 (D.D.C. 2012) (quoting *Constant v. United States*, 929 F.2d 654, 658 (Fed. Cir. 1991)).

That said, the Court will not impose any sanctions at this time. But the Court cautions Miller against future attempts to rehash issues that have already been decided. Next time, he may not be so fortunate.

It is accordingly

**ORDERED** that Plaintiff's Emergency Motion for a Temporary Restraining Order and a Preliminary Injunction, ECF No. 6, is **DENIED**; and it is further

**ORDERED** that Plaintiff is **ADMONISHED** that frivolous or duplicative filings may, in the future, be met with appropriate sanctions.

DATE: February 27, 2023

                                                      CARL J. NICHOLS
                                                      United States District Judge